UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE E. FRANKLIN,

    Plaintiff,

v.

COUNTY OF GENESEE,
and DEPUTY ROSE,

    Defendants.
_____/

Case No. 2:24-cv-11401
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 15)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Andre E. Franklin, proceeding *pro se*, filed a complaint against numerous defendants alleging violations of his constitutional rights while incarcerated. (ECF No. 1). The district judge screened the complaint and dismissed it in part, leaving only an excessive force and sexual assault claim against Deputy Rose and municipal claim against Genesee County. (ECF No. 10). Counsel for Rose and the County filed an appearance on April 25, 2025. (ECF No. 21). All pretrial matters were referred to the undersigned on May 28, 2025 (ECF No. 33).

1

Before the Court is Franklin's motion for default judgment against Rose and Genesee County. (ECF No. 15). For the reasons that follow, the undersigned RECOMMENDS that his motion be DENIED.

## II.     Discussion

Franklin moves for default judgment under Federal Rule of Civil Procedure 55 based on defendants' failure to serve an answer to the complaint. (ECF No. 15). However, under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, defendants are not required to file answers to lawsuits from incarcerated individuals like Franklin. *See* 42 U.S.C. § 1997e(g)(1); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012). Defendants filed their appearances on April 25, 2025, which is all that they are required to do. Thus, there is no basis for defaulting defendants.

Furthermore, a Clerk's entry of default is a prerequisite for default judgment. *See, e.g.*, *McCoy v. Fowler*, No. 2:22-CV-12237, 2023 WL 7030570, at *1 (E.D. Mich. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7027494 (E.D. Mich. Oct. 25, 2023). Here, Franklin applied for a Clerk's entry of default and judgment of default (ECF Nos. 17, 19) but the Clerk denied both, noting the reason for denial being that this is a prisoner civil rights case. *See* ECF Nos. 18, 20

Overall, Franklin is not entitled to a default judgment against defendants.

### III. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Franklin's motion for default judgment (ECF No. 15) be DENIED.

Dated: May 29, 2025                  s/Kimberly G. Altman
Detroit, Michigan                     KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

3

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2025.

s/Dru Jennings  
DRU JENNINGS  
Case Manager
