UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDRE E. FRANKLIN,

     Plaintiff,

v.

COUNTY OF GENESEE and
MACKENZIE ROSE,

     Defendants.

_____/

Case No.  2:24-cv-11401
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman


**<u>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 29)</u>**[1]

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Andre E. Franklin, proceeding *pro se*, filed a complaint against numerous defendants alleging violations of his constitutional rights while incarcerated.  (ECF No. 1).  On September 9, 2024, the district judge screened the complaint and dismissed it in part, leaving only an excessive force and sexual assault claim against Deputy Mackenzie Rose and a municipal claim against Genesee County.  (ECF No. 10).

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 33).

Before the Court is defendants' motion for summary judgment. (ECF No. 29). Franklin has filed a response (ECF No. 37), and defendants have filed a reply (ECF No. 38). For the reasons discussed below, the undersigned RECOMMENDS that defendants' motion be GRANTED. If this recommendation is adopted, the case would be closed.

## II.     Background

The material facts as gleaned from the record follow.

In his complaint, Franklin alleges that on February 6, 2022, he was sexually assaulted and beaten in the head, neck, and back, while lying face down on the ground. (ECF No. 1, PageID.9). He says that "Deputy Rose in particular spread [his] legs apart while [he was] lying face down and repeatedly punch[ed] and probed [his] anus while another deputy on the opposite side of her [held his] other leg apart and watch[ed]" Deputy Rose violate him. (*Id.*).

Attached to defendants' motion is a declaration by Rose and the jail's staffing schedule (ECF No. 29-2); the jail's sexual assault policy (ECF No. 29-3); the jail's inmate guide (ECF No. 29-4); excerpts from Franklin's kites (ECF No. 29-5); and screenshots from the video footage of the event (ECF No. 38-2). In her declaration, Rose says that on February 6, 2022, she was employed by Genesee

County as a Sheriff's Deputy, but that she was not assigned to the jail or working inside the jail on that date. (ECF No. 29-2, PageID.139). She explains that on February 6, 2022, she was "in the latter stages of a pregnancy" and assigned to the Detective Bureau rather than the jail. (*Id.*, PageID.139). The attached schedule appears to show the jail's staffing schedule for the date of February 6, 2022, and Rose is not listed. (*Id.*, PageID.140). The screenshots from the video footage show Franklin lying face down surrounded by five male officers and then being led away in handcuffs by the same group of male officers. (ECF No. 38-2, PageID.205-209).

According to the inmate guide, the grievance procedure at the Genesee County Jail is as follows:

> Inmates may use the Inmate Grievance Procedure for legitimate problems, complaints or concerns. The Genesee County Jail may, through the grievance procedure, grant variances to facility rules and procedures. Complaints, problems, and/or legitimate concerns should be respectfully directed to a Jail Deputy or Supervisor. If the staff member cannot resolve the situation, an inmate may request a Grievance Form from staff. Forms must be filled out within three days of the incident. You will receive an answer within 15 days, unless special circumstances exist. Inmates are to submit one grievance at a time and shall not submit any other grievances until the original form has been answered and returned to the inmate. Inmates are to follow the standard Grievance Procedure unless an Emergency Grievance is necessary.

(ECF No. 29-4, PageID.148). On February 22, 2022, Franklin sent a kite requesting a grievance form, to which an officer responded, "what issue would you

3

like to grieve?  If it is the food as from your last kite, that is not a grievable issue as Aramark is a third party vendor and the Office of the Sheriff has no input on the menu served."  (ECF No. 29-5, PageID.152).  The next day, February 23, 2022, Franklin sent another kite, this time saying "Can I please have a grievance…This is becoming a conflicting of interest you asking what I'm going to put on form." (*Id.*).  To this, Lieutenant Skinner responded, "You have to give a reason.  Be brief."  (*Id.*).  It does not appear that Franklin responded.  Ultimately, Franklin did not receive a grievance form and did not submit a grievance.

Attached to Franklin's response are Genesee County Sheriff's Office incident reports (ECF No. 37, PageID.180-181); the same excerpts from his kites (*Id.*, PageID.182); two copies of the jail's staffing schedule that defendants attached to their motion with a blacked out portion circled (*Id.*, PageID.183, 185); excerpts from the jail's inmate guide (*Id.*, PageID.184, 186-187); and Michigan Department of Corrections' policy directives (*Id.*, PageID.186-198).  The incident report includes reports from Lieutenant Skinner, Deputy Payne, Deputy Pascal, Deputy R. Smith, Deputy Robbins, and Lieutenant Eckert detailing the episode of Franklin's takedown on February 6, 2022.  (*Id.*, PageID.180-181).  There is no mention of Deputy Rose in any of the reports.  (*Id.*).

### III.    Legal Standard

4

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citation omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' "  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Franklin is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law."  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338,

344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (citation modified).

## IV.    Discussion

Defendants present several arguments in support of summary judgment. They argue that: (1) Franklin has failed to exhaust his claims against them; (2) the official capacity claims against Rose are duplicative; (3) Rose was undisputedly not involved in the incident Franklin alleges; and (4) Franklin has failed to establish a constitutional violation against the County as a matter of law.  (ECF No. 29).  Each of these arguments will be discussed below.

### A.    Exhaustion of Administrative Remedies

#### 1.    Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citations omitted).  Requiring

exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

### 2.      Analysis

Defendants say that because Franklin never submitted a grievance, his claims are unexhausted. Franklin concedes that he did not submit a grievance in both his complaint and response but argues that he requested a grievance form via

kite and was never provided one. (ECF No. 1, PageID.12; ECF No. 37, PageID.175). In his response he also asserts that he asked staff in person for a grievance form on the day of the incident but was not provided with one. (ECF No. 37, PageID.175).

Defendants argue that because Franklin did not specify what he wanted to grieve in his request for a grievance form, he was not provided with a form and therefore failed to complete the first step of the grievance process. However, the policy does not include a requirement that the inmate state the basis for the grievance in the request, nor does it say that staff may decline to provide a grievance form until the inmate has disclosed the subject matter of the intended grievance. Instead, it merely states that "[i]f the staff member cannot resolve the situation, an inmate may request a Grievance Form from staff." Defendants have provided no other policy that would allow the denial of a grievance form request on this basis.

Defendants then argue that Franklin alleges that the incident occurred on February 6, 2024, but he did not request a grievance form until February 22, 2022, well beyond the three-day deadline for filing a grievance. *See Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) ("[P]roper exhaustion still requires compliance with the grievance policy's critical procedures such as timeliness."). In his response, Franklin says that he "verbally asked staff for [a]

grievance form the day of the incident" and he continued to request one up until the day he "found the icon marked grievance on the…kiosk machine." (ECF No. 37, PageID.175). He says that nowhere in the inmate guide does it say that he had to request a grievance on the kiosk. (*Id.*). It is unclear how this argument relates to the issue; defendants do not take issue with the fact that Franklin ultimately requested a grievance form via kite, but rather that he requested it nearly two weeks after the incident occurred. Neither defendants nor the inmate guide say anything about requesting a grievance form through a kiosk.

Ultimately, although Franklin did not request a grievance form in writing until two weeks after the incident occurred, he says in his response, which is sworn under penalty of perjury, that he directly requested a grievance form on the day of the incident from an officer but was not given one. Under the PLRA, a prisoner-plaintiff need only exhaust all "available" remedies, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and administrative remedies are not considered "available" to inmates "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). As Franklin says he requested a grievance form on the day of the incident but was not provided one, there is a genuine dispute of material fact regarding whether the grievance process was available to him within the three-day window for filing a timely grievance. Defendants have not

9

carried their summary judgment burden as to exhaustion.  As such, defendants are not entitled to summary judgment based on a failure to exhaust.  They are, however, entitled to summary judgment on the merits of Franklin's claims, as will be discussed below.

### B.      Claims Against Rose

Defendants argue that Rose is entitled to summary judgment on the claim against her because she was not present at the jail on the date of the incident and therefore could not have been involved.  Although Franklin disputes this in his response, he provides no evidence to the contrary.  He simply states that Rose "is at least 57 years old, and she is depicted in [the] video on [his right], and she is wearing the distinguishing Ignite uniform," which is different from a Sheriff's Deputy's uniform because it has light tan khaki pants instead of dark bottoms and it has a vest with the Ignite logo on it.  (ECF No. 37, PageID.173).

However, defendants have submitted a declaration from Rose stating that she was working at the Detective Bureau on that date and that she was in the latter stages of pregnancy at the time.  They also submitted the jail's schedule from that day which does not list Rose.  Finally, they have submitted screenshots from the incident showing Franklin lying face down on the ground surrounded by five male officers.  Although Franklin takes issue with the jail's schedule that defendants submitted because four of the slots are blacked out, even without the schedule, the

10

video screenshots show Franklin surrounded by male officers who are all wearing regular deputy uniforms.  Further, the incident report that Franklin himself submitted includes reports of the incident from five different lieutenants and deputies, none of whom mention Rose as being present.  Based on this evidence, no reasonable juror could conclude that Rose was involved in the incident of which Franklin complains.  *See Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions.").

As for Franklin's official capacity claim against Rose, in § 1983 litigation, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n. 4 (6th Cir. 2000).  Thus, Franklin's official capacity claims against Rose are more accurately described as claims against the relevant municipality, Genesee County, which will be discussed further below.  For these reasons, Rose is entitled to summary judgment on Franklin's claim of excessive force and sexual assault against her.

### C.     *Monell* Claims Against the County

To establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a plaintiff must identify the official policy or custom that caused his injury.  *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir.

11

2008).  Once the policy is identified, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).  A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. ‼

The Sixth Circuit has identified four ways in which a plaintiff may plead and prove that a municipality's policy, custom, or usage was the moving force behind the alleged constitutional violation: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Here, according to the jail's sexual assault policy attached to the defendants' motion, the jail has a zero-tolerance policy for sexual abuse and harassment.  (ECF No. 29-3).  Franklin has not otherwise established that the County has a policy, custom, or usage that was the moving force behind the alleged constitutional violation.  As discussed above, Franklin has also failed to establish that there was a constitutional violation by any individual officer.  *See Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 489 (6th Cir. 2020) ("If the plaintiff fails to

12

establish a constitutional violation by any individual officer, the municipality itself cannot be held liable under § 1983.").  As such, Genesee County is entitled to summary judgment on Franklin's claims against it.

V.      Conclusion

For the reasons discussed above, the undersigned RECOMMENDS that defendants' motion for summary judgment (ECF No. 29) be GRANTED.  If this recommendation is adopted, the case would be closed.

Dated: June 23, 2026                                              s/Kimberly G. Altman
Detroit, Michigan                                                 KIMBERLY G. ALTMAN
                                                                  United States Magistrate Judge

**<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

13

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager